**NANXI ZHAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71187.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Paul Lall, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Nanxi Zhao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part.

We lack jurisdiction to review the BIA's determination that Zhao's asylum application was untimely because the BIA's determination was based on disputed facts. *See Ramadan v. Gonzales,* 479 F.3d 646, 650, 656–57 (9th Cir.2007) (per curiam). Accordingly, we dismiss the petition as to Zhao's asylum claim.

In regard to Zhao's withholding of removal claim, substantial evidence supports the BIA's adverse credibility determination because Zhao's testimony was inconsistent with his supporting documentation regarding whether he received treatment for the injuries he allegedly sustained during his arrest. *See Li,* 378 F.3d at 962. In addition, Zhao failed to provide corroborating evidence regarding his trip to the United States. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Zhao also contends that the BIA violated his due process rights by failing to address his CAT claim. This contention is belied by the record. To the extent that Zhao alternatively challenges the BIA's rejection of this claim on the merits, we conclude that the BIA properly denied relief because the CAT claim was based on the same testimony that the BIA found not credible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**DISMISSED in part and DENIED in part.**